KC **FILED**

NOV 1 6 2007
11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISIAH W. STROUD, JR.,

    Plaintiff,

v.

ILLINOIS HOUSING DEVELOPMENT AUTHORITY,

    Defendant.

07CV6510
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

) Magistrate Judge
)
)
)

## COMPLAINT

NOW COMES THE PLAINTIFF, ISIAH W. STROUD, JR., through his attorney, ARMAND L. ANDRY, and complaining of Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, would submit the following as his first amended complaint:

### JURISDICTION

1. This is an action by a citizen of the United States against the Defendants, ILLINOIS HOUSING DEVELOPMENT AUTHORITY. This action arises under The Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; and Illinois laws against defamation. This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and violations of State Rights ancillary to federal rights.

### PARTIES

2. Plaintiff, ISIAH W. STROUD, JR., is a male citizen of the United States and a previous employee of Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY (IDHA) and at all times relevant to this complaint was a Senior Asset Manager.

1

3. Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY is an employer as defined by the Civil Rights Act of 1964 and was Plaintiff's employer at all times relevant to this complaint.

## ADMINISTRATIVE ACTION

4. Plaintiff ISIAH W. STROUD, JR. filed charges of discrimination on July 9, 2007. Plaintiff alleged gender discrimination, charge no. 440-2007-06213.

5. Plaintiff was sent a right-to-sue letter dated August 24, 2007 advising him that he had 90 days from the receipt of the letter to file in federal court.

## FACTS

6. Plaintiff, ISIAH W. STROUD, JR., began employment with Defendant on August 21, 2006 as a senior asset manager.

7. Plaintiff had extensive experience in property management prior to his hire.

8. During his tenure with Defendant IDHA the Director of Human Resources was Beatrice Jones, a female.

9. During his tenure with Defendant IDHA his superior as Diane Smith, Acting Director, Asset Management.

10. During his tenure, Plaintiff's immediate supervisor was Deborah Starkovich, who gave him good verbal evaluations and written reviews.

11. Other females were hired for the same or similar position on or about the same time as Plaintiff.

12. From the time of his hire, Plaintiff has received a heavier workload than similarly situated female employees.

2

13. From the time of his hire Plaintiff has been assigned the more difficult accounts.

14. From the time of his hire Plaintiff has been required to travel much more extensively than similarly situated female employees.

15. Plaintiff was required to prepare budgets for 26 of the 51 housing developments assigned to him throughout the State.

16. Similarly situated female employees were not required to prepare budgets but their budget work was assigned to their supervisor, Deborah Starkovich or persons other than the female senior asset managers.

17. During his hire there was in force and effect at the time that all employees would undergo a six month probationary period, after which they would become regular employees.

18. Plaintiff's six month probationary period was due to end on or about February 21, 2007.

19. During the period between his hire and February 21, 2007, Plaintiff received no negative reviews and no negative feedback to indicate he was failing to perform the responsibilities of his job as senior asset manager.

20. On January 18, 2007, just before his probationary period was to end, Plaintiff received a salary increase.

21. On April 6, 2007, Plaintiff was again placed on probation by Acting Director Diane Smith without any reason being given.

22. Female employees similarly situated to Plaintiff were not placed on an additional probationary period.

23. The evaluation used to justify the re-assignment to probation by Diane Smith was back-dated to January 15, 2007 even though it was not prepared until April, 2007.
24. On May 22, 2007, the day after his return from an approved vacation, Plaintiff was terminated.
25. The justification for the termination was that "Things just did not work out."
26. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after his termination as he felt he was discriminated against based on his gender.
27. After having filed the charge of discrimination Plaintiff sought employment with other employers.
28. Other employers were given negative information regarding Plaintiff's tenure with Defendant.

## COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED –SEX DISCRIMINATION

29. Plaintiff repeats and realleges as paragraph 29 of his complaint paragraphs 1-28 above.
30. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently in the terms and conditions of their employment because of their sex.
31. The Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated female employees.

32. Plaintiff was treated differently in his conditions of employment because of his sex.

33. Plaintiff was thus denied his rights under the above Act.

34. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT TWO – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED –RETALIATION

35. Plaintiff repeats and realleges as paragraph 35 of his complaint paragraphs 1-28 above.

36. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to take adverse action against an employee because they engaged in protected activity.

37. The Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, has violated the abovementioned law by treating Plaintiff differently than similarly situated employees because he filed a charge of discrimination than those who did not file a charge of discrimination with the EEOC.

38. Plaintiff was thus denied his rights under the above Act.

39. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT THREE – DEFAMATION

40. Plaintiff reasserts and realleges as paragraph 40 of this complaint paragraphs 1-28 above.

41. The statements made by Defendant, IDHA, were false and were made maliciously and with intent to defame Plaintiff.

42. The false and defamatory accusations of Defendant IDHA were published and circulated to employers where Plaintiff was seeking employment after he filed the charge of discrimination.

43. That by the use and publication of said words and language used and published by Defendant as aforesaid, Defendant intended to charge and assert, and to be understood as charging, asserting and were understood by the hearers of the words and language as asserting and charging that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional.

44. That the charges, so made and published by Defendant, and so understood, and by them were malicious, false, scandalous, and unprivileged and did and does expose Plaintiffs to hatred and contempt by imputing to them lack of skill at their profession.

45. That Plaintiff has been injured and damaged in their good name and reputation by the aforementioned acts in amounts to be proven at trial.

46. That the acts of the Defendant IDHA, through its representatives were malicious, reckless and intended to injure Plaintiff.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT ENTER JUDGMENT AGAINST THE Defendant, FOR COMPENSATORY DAMAGES FOR HUMILIATION AND EMOTIONAL DISTRESS IN AMOUNTS TO BE PROVEN AT TRIAL AND FOR SUCH OTHER RELIEF AS THIS COURT DEEMS APPROPRIATE.

Respectfully Submitted,

/s/ *Armand L. Andry*
Attorney for Plaintiff

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn, Suite 2100
Chicago, Illinois 60603
773/626-3058