IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISIAH W. STROUD, JR., ) | |
| ) | No. 07CV6510 |
| Plaintiff, ) | |
| ) | Judge Holderman |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| ILLINOIS HOUSING ) | |
| DEVELOPMENT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT ILLINOIS HOUSING DEVELOPMENT AUTHORITY'S ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES TO PLAINTIFF STROUD'S COMPLAINT

Defendant ILLINOIS HOUSING DEVELOPMENT AUTHORITY ("IHDA"), through the undersigned counsel, hereby answers Plaintiff Isiah W. Stroud, Jr.'s ("Plaintiff's") complaint (the "Complaint") under The Civil Rights Act and Illinois defamation law as follows:

### JURISDICTION

1.  This is an action by a citizen of the United States against the Defendants, ILLINOIS HOUSING DEVELOPMENT AUTHORITY. This action arises under The Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; and Illinois laws against defamation. This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and violations of State Rights ancillary to federal rights.

**ANSWER:** On information and belief, IHDA admits that Plaintiff is a citizen of the United States and admits that Plaintiff purports to bring an action against IHDA under The Civil Rights Act and Illinois laws against defamation, but IHDA denies that Plaintiff is entitled to any relief on his claims. IHDA also admits that this Court has jurisdiction over this matter pursuant to 29 U.S.C. §§ 1331 (a), 1337 and 1343, but denies any violations of federally-protected rights or violations of state rights ancillary to federal rights.

## PARTIES

2.  Plaintiff, ISIAH W. STROUD, JR., is a male citizen of the United States and a previous employee of Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY (IHDA) and at all times relevant to this complaint was a Senior Asset Manager.

**ANSWER:** On information and belief, IHDA admits that Plaintiff is a male citizen of the United States. IHDA also admits that Plaintiff is a former probationary employee of IHDA, and that he held a position as a Senior Asset Manager from August 21, 2006 to May 22, 2007, but denies Plaintiff's assertion regarding the "times relevant to this complaint."

3.  Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY is an employer as defined by the Civil Rights Act of 1964 and was Plaintiff's employer at all times relevant to this complaint.

**ANSWER:** IHDA admits that it employed Plaintiff on a probationary basis from August 21, 2006 to May 22, 2007, but denies Plaintiff's assertion regarding what "times [are] relevant to this complaint" and denies the allegations in paragraph 3 to the extent that they set forth legal conclusions, for which an answer is neither necessary nor appropriate.

## ADMINISTRATIVE ACTION

4.  Plaintiff ISIAH W. STROUD, JR. filed charges of discrimination on July 9, 2007. Plaintiff alleged gender discrimination, charge no. 440-2007-06213.

**ANSWER:** IHDA admits that it received a copy of Plaintiff's charge of discrimination with the EEOC and the Illinois Department of Human rights on October 13, 2007, but lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Complaint, and therefore denies those allegations.

5.  Plaintiff was sent a right-to-sue letter dated August 24, 2007 advising him that he had 90 days from the receipt of the letter to file in federal court.

**ANSWER:** IHDA lacks the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies those allegations.

## FACTS

6.  Plaintiff, ISIAH W. STROUD, JR., began employment with Defendant on August 21, 2006 as a senior asset manager.

**ANSWER:** IHDA admits that Plaintiff began probationary employment with IHDA on August 21, 2006 as a senior asset manager, but denies any remaining allegations set forth in paragraph 6.

7.  Plaintiff had extensive experience in property management prior to his hire.

**ANSWER:** IHDA denies the allegations set forth in paragraph 7.

8.  During his tenure with Defendant IDHA [*sic*] the Director of Human Resources was Beatrice Jones, a female.

**ANSWER:** IHDA admits the allegations set forth in paragraph 8.

9.  During his tenure with Defendant IHDA [*sic*] his superior as [*sic*] Diane Smith, Acting Director, Asset Management.

**ANSWER:** IHDA admits the allegations set forth in paragraph 9.

10. During his tenure, Plaintiff's immediate supervisor was Deborah Starkovich, who gave him good verbal evaluations and written reviews.

**ANSWER:** IHDA objects to Plaintiff's vague use of "good" in the allegation set forth in paragraph 10. IHDA denies the allegations set forth in paragraph 10. Answering further, IHDA states that Plaintiff received a formal evaluation during his time as a probationary employee indicating that Plaintiff's overall performance was "Not Fully Competent."

11. Other females were hired for the same or similar position on or about the same time as Plaintiff.

**ANSWER:** IHDA objects to the allegations in paragraph 11 as vague and ambiguous to the extent they purport to refer to "similar" positions "on or about the same time" as Plaintiff, but admits that both men and women were hired by IHDA during the time period Plaintiff was a

probationary employee at IHDA. IHDA denies the remaining allegations set forth in paragraph 11.

    12. From the time of his hire, Plaintiff received a heavier workload than similarly situated female employees.

**ANSWER:** IHDA denies the allegations set forth in paragraph 12

    13 From the time of his hire Plaintiff has been assigned the more difficult accounts.

**ANSWER:** IHDA denies the allegations set forth in paragraph 13.

    14. From the time of his hire Plaintiff has been required to travel much more extensively than similarly situated female employees.

**ANSWER:** IHDA denies the allegations set forth in paragraph 14.

    15. Plaintiff was required to prepare budgets for 26 of the 51 housing developments assigned to him throughout the State.

**ANSWER:** IHDA admits the allegations set forth in paragraph 15.

    16. Similarly situated female employees were not required to prepare budgets but their budget work was assigned to their supervisor, Deborah Starkovich or persons other than the female senior asset managers.

**ANSWER:** IHDA denies the allegations set forth in paragraph 16.

    17. During his hire there was in force and effect at the time that all employees would undergo a six month probationary period, after which they would become regular employees.

**ANSWER:** IHDA admits that every new employee at IHDA undergoes a probationary period, and that for positions other than certain secretarial and clerical work, that period is normally six months, but depends on the position and the scope of responsibility. Once an employee passes the probationary period selected for them, they are considered regular employees, but the Authority retains the right to terminate probationary or regular employees at will and passing the probationary period does not result in a guarantee of employment. IHDA's written Employee Policies and Procedures Manual advises all employees, including Plaintiff, that their "employment and compensation with the Authority is for no definite period of time and the

Authority may terminate [their] employment and compensation at any time, with or without cause, and with or without notice." IHDA denies the remaining allegations set forth in paragraph 17.

18. Plaintiff's six month probationary period was due to end on or about February 21, 2007.

**ANSWER:** IHDA admits that the initial date set for Plaintiff's probationary period was February 21, 2007. Answering further, IHDA states that Plaintiff did not adequately perform during that time period and that his probationary period was extended during that period because more time was needed to evaluate the likelihood of Plaintiff's being able to perform adequately in his duties at IHDA. IHDA denies the remaining allegations set forth in paragraph 18.

19. During the period between his hire and February 21, 2007, Plaintiff received no negative reviews and no negative feedback to indicate he was failing to perform the responsibilities of his job as senior asset manager.

**ANSWER:** IHDA denies the allegations set forth in paragraph 19.

20. On January 18, 2007, just before his probationary period was to end, Plaintiff received a salary increase.

**ANSWER:** IHDA admits the allegations set forth in paragraph 20. Answering further, IHDA states that the salary increase was an Authority-wide cost of living salary adjustment, and not a merits-based salary increase.

21. On April 6, 2007, Plaintiff was again placed on probation by Acting Director Diane Smith without any reason being given.

**ANSWER:** IHDA admits that on April 6, 2007, Plaintiff's probationary period was extended until June 16, 2007 by Diane Smith. IHDA denies the remaining allegations set forth in paragraph 21. Answering further, IHDA states that Plaintiff was expressly advised of the reason for the extension of his probationary status; namely, Plaintiff's performance did not meet the standard needed to perform the multiple tasks required for his position on a timely basis, he

5

required assistance in performing tasks to meet goals, and his work style impeded his productivity level.

22.   Female employees similarly situated to Plaintiff were not placed on an additional probationary period.

**ANSWER:**   IHDA objects to the allegation's use of the term "similarly situated" as vague, and objects to the underlying premise that Plaintiff was placed on an "additional" rather than an extended probationary period. IHDA further denies the allegations set forth in paragraph 22 to the extent that they set forth legal conclusions, for which an answer is neither necessary nor appropriate. Answering further, IHDA states that it was not uncommon for probationary periods to be extended.

23.   The evaluation used to justify the re-assignment to probation by Diane Smith was back-dated to January 15, 2007 even though it was not prepared until April, 2007.

**ANSWER:**   IHDA denies Plaintiff's characterization that the evaluation was "back-dated" to January 15, 2007. IHDA admits that the evaluation stating the justification for the extension of Plaintiff's probationary period was prepared by Diane Smith, and that the document indicates that the final version was signed in April 2007. Answering further, IHDA states that Ms. Smith began working on Plaintiff's evaluation in February 2007, but the document was not finalized until April 2007 because internal procedures require that a draft evaluation be reviewed by supervisors before being discussed with the reviewed employee. While the evaluation reflected Plaintiff's performance as of January 2007, the document accurately stated that it was executed in April 2007. IHDA denies the remaining allegations set forth in paragraph 21.

24.   On May 22, 2007, the day after his return from an approved vacation, Plaintiff was terminated.

**ANSWER:**    IHDA admits that Plaintiff was terminated on Tuesday, May 22, 2007 and that Plaintiff was absent from work on pre-approved vacation days from Wednesday, May 16, 2007 to Friday, May 18, 2007. IHDA denies the remaining allegations set forth in paragraph 24.

25.    The justification for the termination was that "Things just did not work out."

**ANSWER:**    IHDA denies the allegations set forth in paragraph 25. Answering further, IHDA states that the justifications for the termination were the lack of needed productivity, inability to follow direction and supervision and slow response to client's submissions, leading to the conclusion that Plaintiff was not able to perform the multiple tasks required for the Asset Manager position in a timely manner.

26.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after his termination as he felt he was discriminated against based on his gender.

**ANSWER:**    IHDA admits that Plaintiff filed a charge of discrimination with the EEOC after his termination. IHDA denies that it discriminated against Plaintiff based on his gender. IHDA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint, and therefore denies those allegations.

27.    After having filed the charge of discrimination Plaintiff sought employment with other employers.

**ANSWER:**    IHDA admits that Plaintiff sought employment with the Hispanic Housing Development Corporation, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and therefore denies those allegations.

28.    Other employers were given negative information regarding Plaintiff's tenure with Defendant.

**ANSWER:**   IHDA denies the allegations set forth in paragraph 28. Answering further, IHDA states that, pursuant to its corporate policy, it provided only dates of service in response to a reference check from the Hispanic Housing Development Corporation.

**COUNT ONE - VIOLATION OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964 AS AMENDED - SEX DISCRIMINATION**

29.   Plaintiff repeats and realleges as paragraph 29 of his complaint paragraphs 1-28 above.

**ANSWER:**   IHDA realleges and incorporates herein by reference its responses to paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.   Title VII of the Civil Rights Act of 1964 makes it unlawful employment practice to treat employees differently in the terms and conditions of their employment because of their sex.

**ANSWER:**   IHDA states that to the extent that the allegations in paragraph 30 set forth legal conclusions, and contains an incomplete and inaccurate statement of law, an answer is neither necessary nor appropriate. IHDA denies the remaining allegations set forth in paragraph 30.

31.   The Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated female employees.

**ANSWER:**   IHDA denies the allegations set forth in paragraph 31.

32.   Plaintiff was treated differently in his conditions of employment because of his sex.

**ANSWER:**   IHDA denies the allegations set forth in paragraph 32.

33.   Plaintiff was thus denied his rights under the above Act.

**ANSWER:**   IHDA denies the allegations set forth in paragraph 33.

34.   Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

**ANSWER:**   IHDA denies the allegations set forth in paragraph 34.

WHEREFORE, IHDA denies that Plaintiff is entitled to any relief on his claims whatsoever and prays that the Court enter judgment in favor of IHDA.

## COUNT TWO - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED - RETALIATION

35. Plaintiff repeats and realleges as paragraph 35 of his complaint paragraphs 1-28 above.

**ANSWER:** IHDA realleges and incorporates herein by reference its responses to paragraphs 1 through 28 of this Complaint as if fully set forth herein.

36. Title VII of the Civil Rights Act of 1964 makes it unlawful employment practice to take adverse action against an employee because they engaged in protected activity.

**ANSWER:** IHDA states that to the extent that the allegations in this paragraph set forth legal conclusions, and contains an incomplete and inaccurate statement of law, an answer is neither necessary nor appropriate. IHDA denies the remaining allegations set forth in paragraph 36.

37. The Defendant, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, has violated the abovementioned law by treating Plaintiff differently than similarly situated employees because he filed a charge of discrimination than those who did not file a charge of discrimination with the EEOC.

**ANSWER:** IHDA denies the allegations set forth in paragraph 37.

38. Plaintiff thus denied his rights under the above Act.

**ANSWER:** IHDA denies the allegations set forth in paragraph 38.

39. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

**ANSWER:** IHDA denies the allegations set forth in paragraph 39.

WHEREFORE, IHDA denies that Plaintiff is entitled to any relief on his claims whatsoever and prays that the Court enter judgment in favor of IHDA.

## COUNT THREE - DEFAMATION

40. Plaintiff reasserts and realleges as paragraph 40 of this complaint paragraphs 1-28 above.

**ANSWER:** IHDA realleges and incorporates herein by reference its responses to paragraphs 1 through 28 of this Complaint as if fully set forth herein.

41. The statements made by Defendant, IDHA [*sic*], were false and were made maliciously and with intent to defame Plaintiff.

**ANSWER:** IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

42. The false and defamatory accusations of Defendant IDHA [*sic*] were published and circulated to employers where Plaintiff was seeking employment after he filed the charge of discrimination.

**ANSWER:** IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

43. That by the use and publication of said words and language used and published by Defendant as aforesaid, Defendant intended to charge and assert, and to be understood as charging, asserting and were understood by the hearers of the words and language as asserting and charging that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional.

**ANSWER:** IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

44. That the charges, so made and published by Defendant, and so understood, and by them were malicious, false, scandalous, and unprivileged and did and does expose Plaintiffs to hatred and contempt by imputing to them lack of skill at their profession.

**ANSWER:** IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

45. That Plaintiff has been injured and damaged in their good name and reputation by the aforementioned acts in amounts to be proven at trial.

**ANSWER:**    IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

46.    That the acts of the Defendant IDHA [*sic*], through its representatives were malicious, reckless and intended to injure Plaintiff.

**ANSWER:**    IHDA has moved to dismiss this count under Rule 12(b)(6) and therefore does not answer at this time.

## AFFIRMATIVE AND OTHER DEFENSES

IHDA makes the following affirmative and other defenses to Plaintiff's Complaint:

### AFFIRMATIVE AND OTHER DEFENSES APPLICABLE TO COUNTS I AND II OF PLAINTIFF'S COMPLAINT:

47.    Plaintiff failed to exhaust administrative remedies and/or internal IHDA complaint resolution procedures.

48.    Plaintiff has no property interest in his at-will employment.

49.    IHDA had wholly legitimate, non-discriminatory, and non-pretextual reasons for terminating Plaintiff.

50.    Plaintiff's claim fails because, as part of his prima facie case, he has not established background circumstances that support an inference that IHDA discriminates against the majority.

WHEREFORE, IHDA respectfully requests that this Court enter judgment for it and against Plaintiff, award IHDA its costs and attorneys' fees incurred in the defense of this action, and grant IHDA such other relief as this court deems appropriate.

DEFENDANT IHDA DEMANDS A TRIAL BY JURY ON ALL CLAIMS ASSERTED AGAINST IT.

Respectfully submitted,

/s/ David Jiménez-Ekman
David Jiménez-Ekman
Reena R. Bajowala
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 923-2683
(312) 840-7683 (fax)

**ATTORNEYS FOR DEFENDANT ILLINOIS HOUSING DEVELOPMENT AUTHORITY**

Dated: January 10, 2007

## CERTIFICATE OF SERVICE

I, David Jiménez-Ekman, an attorney, hereby certify that on January 10, 2008, Defendant Illinois Housing Development Authority's Answer, Jury Demand and Affirmative Defenses to Plaintiff Stroud's Complaint was filed electronically with the United States District Court for the Northern District of Illinois, Eastern Division. Notice of this filing will be sent electronically to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system. In addition, I caused direct service upon the following counsel of record on January 10, 2008 via electronic mail and U.P.S. Overnight mail:

>   Armand L. Andry
>   Armand L. Andry & Associates
>   One South Dearborn, Suite 2100
>   Chicago, IL 60603
>   Counsel for Plaintiff

>   Respectfully submitted,

>   /s/ David Jiménez-Ekman
>   David Jiménez-Ekman
>   Reena R. Bajowala
>   Jenner & Block LLP
>   330 N. Wabash Ave.
>   Chicago, IL 60611
>   (312) 923-2683
>   (312) 840-7683 (fax)

>   **ATTORNEYS FOR DEFENDANT**
>   **ILLINOIS HOUSING DEVELOPMENT**
>   **AUTHORITY**

1614887.1