IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISIAH W. STROUD, JR., | ) | |
| | ) | No. 07CV6510 |
| Plaintiff, | ) | |
| | ) | Judge Holderman |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| ILLINOIS HOUSING | ) | |
| DEVELOPMENT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT ILLINOIS HOUSING DEVELOPMENT AUTHORITY'S
## RULE 12(B)(6) MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

Defendant Illinois Housing Development Authority ("IHDA") hereby moves this Court under Federal Rule of Civil Procedure 12(b)(6) for entry of an order dismissing Count III of Plaintiff Isiah W. Stroud, Jr.'s ("Stroud's") complaint (the "Complaint"). In support of this motion, IHDA states:

1.   On May 22, 2007, Stroud was terminated from his probationary employment at IHDA because he was not performing his duties adequately. On November 16, 2007, Stroud filed his three-count Complaint alleging sex discrimination under Title VII of The Civil Rights Act of 1964 (Count I); retaliation under Title VII of The Civil Rights Act of 1964 (Count II); and defamation under Illinois law (Count III).

2.   IHDA has answered Counts I and II, and this motion is directed exclusively at Count III, for defamation. Count III should be dismissed because it fails to specifically allege the words that Stroud claims were defamatory.

3.   In support of Count III, Stroud alleges that:

> 27.   After having filed the charge of discrimination Plaintiff sought employment with other employers.

    28.    Other employers were given negative information regarding Plaintiff's tenure with Defendant. (Compl. ¶¶ 27-28.)

4.    Later in his Complaint, Stroud also refers in a conclusory manner to "[t]he statements made by Defendant [IHDA]," "[t]he false and defamatory accusations of Defendant [IHDA]," "said words and language," "charged, so made and published," "aforementioned acts" and "the acts of Defendant [IHDA]. (Compl. ¶¶ 41-46.)

5.    Count III fails to state a claim because it does not identify with specificity any defamatory words. A plaintiff claiming defamation must specifically set forth the words alleged to be actionable. Robinson v. Morgan Stanley, LLC, No. 06 C 5158, 2007 WL 2815839, at *7 (N.D. Ill. Sept. 24, 2007) (Exhibit A hereto); Levitt v. S.C. Food Serv., Inc., 820 F. Supp. 366, 367-68 (N.D. Ill. 1993). Instead, Stroud sets forth vague allegations referencing alleged "negative information" purportedly given by unknown actors to unknown recipients. Without notice regarding the statements alleged to be false, IHDA is not in a position to properly answer Stroud's defamation claim, and the Court cannot determine whether, as a matter of law, those statements are actionable. See Robinson, 2007 WL 2815839, at *7.

6.    This is not a mere technical pleading defect. Under Illinois law, there are defenses to defamation claims that can be determined, as a matter of law, based solely on the exact words used. For example, Stroud's claim may fail because it is subject to an innocent construction under Illinois law, and is consequently not defamation per se. Anderson v. Vanden Dorpel, 667 N.E.2d 1296, 1302 (Ill. 1996); Taradash v. Adelet/Scott-Fetzer Co., 628 N.E.2d 884, 887 (Ill. App. Ct. 1993). That can only be determined if the defamatory words are alleged with particularity.

7.    Moreover, Stroud fails to plead a proper claim for defamation per quod, because he has not sufficiently pled extrinsic facts showing the defamatory nature of the language or

special damages, which must be pled with particularity under Federal Rule of Civil Procedure 9(b). See Walker v. Braes Feed Ingredients, Inc., No. 02 C 9236, 2003 WL 1956162, at *4 (N.D. Ill. Apr. 23, 2003) (Exhibit B).

               Respectfully submitted,

               /s/ David Jiménez-Ekman
               David Jiménez-Ekman
               Reena R. Bajowala
               Jenner & Block LLP
               330 N. Wabash Ave.
               Chicago, IL 60611
               (312) 923-2683
               (312) 840-7683 (fax)

               **ATTORNEYS FOR DEFENDANT**
               **ILLINOIS HOUSING DEVELOPMENT**
               **AUTHORITY**

Dated: January 10, 2008