IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISIAH W. STROUD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  07 C 6510 |
| v. | ) |
| | ) Judge Holderman |
| ILLINOIS HOUSING DEVELOPMENT AUTHORITY, | ) |
| | ) |
| | ) Magistrate Judge |
| Defendant. | ) Ashman |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES THE PLAINTIFF, ISIAH STROUD, JR., through her attorney, Armand L. Andry, and submits the following as his response to Defendant's motion to dismiss Count III of the Complaint:

### I.  Argument

Defendant has answered counts one and two of the complaint but seeks dismissal of count three, a claim of defamation.  The motion must be denied.

The Federal Rules of Civil Procedure require only "notice" and not "fact" pleading.  A complaint need not articulate the precise legal theories upon which the plaintiff bases his right to recovery. The complaint must simply "Give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 ftnte.3 (1984)

Defendant makes the motion based on F.R.Civ.P 12(b)(6). Such a motion is a Motion to Dismiss for failure to state a claim upon which relief can be granted, and tests the sufficiency of the claim under federal standards. In *Hinshon v. King and Spaulding*, 467 U.S. 69 (1984) the United States Supreme Court stated that for purposes of deciding a motion to dismiss, the court assumes the truth of all well pled factual allegations in the complaint and draws all possible inferences therefrom in favor of the plaintiff.  Dismissal

1

is only warranted if it appears beyond doubt that Plaintiff could prove no set of facts that would entitle him to relief.

In *Leatherman v. Tarrant County*, 507 U.S. 163 (1993) the U.S. Supreme Court addressed the issue of what was required by Rule 8(a) of the Federal Rules of Civil Procedure with respect to a civil right complaint. The Court stated federal lawsuits are subject to notice pleading. The Court noted:

> "We think that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' In Conley v Gibson, 355 US 41, 2 L Ed 2d 80, 78 S Ct 99 (1957), we said in effect that the Rule meant what it said:
>
> "[T]he Federal Rules of Civil Procedure **do not require a claimant to set out in detail the facts upon which he bases his claim**. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" 507 U.S. at 158

In the case of *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506 (2002), Justice Thomas, speaking for a unanimous Court stated: "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of the claim…The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." 534 U.S. at 544

In this Circuit when addressing the issue of the pleading requirements for such claims the court reversed a decision by the District Court dismissing a complaint for failure to allege adverse action with specificity in the case of *Scott v. City of Chicago*, 195 F. 3d 950 (7th Cir. 1999)  There the court noted, "A complaint will not be dismissed unless it is clear that the plaintiff can prove no set of facts consistent with her allegations that would entitle her to relief."  195 F. 3d 951  "A complaint need not spell out every element of a legal theory to provide notice...A **plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal notice of the claim**…A pleading need contain only enough to allow the defendants to understand the gravamen of the plaintiff's complaint"  195 F. 3d 951-952  "**Plaintiffs need not allege all, or any of the facts logically entailed by the claim. . . . A plaintiff does not have to plead evidence . . . . A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."** *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) "This circuit has expressed disfavor toward heightened pleading standards. In *Kyle v. Morton High School,* we observed that "before Leatherman, on occasion we would apply a more stringent standard for notice pleading in civil rights cases; we no longer do so. We judge a plaintiff's complaint by the same standards we would apply in a non-civil rights case." 144 F.3d 448, 455 (7th Cir. 1998) (per curiam); see also *Sledd v. Lindsay*, 102 F.3d 282, 288-89 (7th Cir. 1996); *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995)."  *Payton v. Rush Presbyterian St. Luke's Medical Center*, 184 F.3d. 623, 627 (7th Cir. 1988)

Count Three alleges defamation.  Defendant argues that "facts" must be pled to comply with federal rules.  However, as indicated in *Payton v. Rush Presbyterian St. Luke's Medical Center*, 184 F.3d. 623, 627 (7th Cir. 1988) "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a plaintiff plead a 'short and plain statement of the claim showing that the pleader is entitled to relief.' …FRCP Rule 9(b) embodies

3

the exception to this otherwise lenient rule. Rule 9(b) requires that claims of fraud or mistake be pleaded with particularity. The higher standard in those cases is warranted by the 'great harm to the reputation of a business firm or other enterprise' a fraud claim can do. *Ackerman v. Northwestern Mutual Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). A plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and supported, 'rather than defamatory and extortionate.'" Because the allegations of Count three do not involve claims of fraud or mistake and, therefore, there is no heightened pleading requirement.

For this reason Defendant's argument that Count Three must be dismissed must be rejected.

## II.  Conclusion

For all the above reasons the motion to dismiss must be denied.

Respectfully Submitted,

*Armand L. Andry*
Attorney for Plaintiff

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn
Suite 2100
Chicago, Illinois 60603
773/626-3058