IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISIAH W. STROUD, JR., ) | |
| ) | No. 07-CV-6510 |
| Plaintiff, ) | |
| ) | Judge Holderman |
| v. ) | |
| ) | Magistrate Judge Cole |
| ILLINOIS HOUSING ) | |
| DEVELOPMENT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ILLINOIS HOUSING DEVELOPMENT AUTHORITY'S
REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS
COUNT III OF PLAINTIFF'S COMPLAINT**

Stroud's opposition to IHDA's motion lacks merit. IHDA does not take issue with the general principal, reflected in the cases Stroud cites, of notice pleading under the Federal Rules. But Stroud does not cite or discuss, much less distinguish, the cases we cited that are specific to the claim here – defamation under Illinois law.

The cases Stroud cites discuss the policy difference between liberal notice pleading standards under Federal Rule of Civil Procedure 8(a) and heightened pleading standards required by Rule 9(b).[1] But this difference is beside the point of IHDA's simple motion. Indeed, IHDA agrees that Rule 8(a)'s liberal notice pleading standard generally applies, not Rule 9(b).

But the "fair notice" required under Rule 8(a) differs based on the nature of the claim pleaded, and for a defamation claim, the courts have repeatedly held that the allegedly defamatory statement must be pleaded. For fair notice to be given, a Rule 8(a) complaint must at

---

[1] See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002); Leatherman v. Tarrant County Narcotics Intel. & Coord. Unit, 507 U.S. 163, 165-68 (1993); Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 626-27 (7th Cir. 1999); Sledd v. Lindsay, 102 F.3d 282, 288-89 (7th Cir. 1996); Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996); Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

1637338.1

least include the operative facts upon which a plaintiff bases his claim, so that the defendant and court can understand the gravamen of the plaintiff's complaint. Kyle v. Morton High Sch., 144 F.3d 448, 455-56 (7th Cir. 1998); see Scott v. City of Chicago, 195 F.3d 950, 952 (7th Cir. 1999) (distinguishing cases which failed to provide notice of an item essential to a claim); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.3 (1984).[2] Unlike the cases cited in support of IHDA's motion, no case cited by Stroud in his response addresses the pleading standard for Illinois defamation claims in federal court. Compare IHDA's Motion (Dkt. # 12) at 2 with Stroud's Resp. (Dkt. # 24). Stroud mainly cites cases in the Title VII, Civil Rights and ADEA context where courts are less likely to require any level of specificity. See, e.g., Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

In contrast, where courts in this District have considered defamation claims under Illinois law, they have required plaintiffs to provide the specific statement that forms the basis of their claim in order to overcome a Rule 12(b)(6) motion. See IHDA's Motion at 2, ¶ 5, and cases cited therein. The failure to include a specific statement is a "glaring gap in the complaint [which] leaves total speculation as the only alternative for the court to come up with any set of facts justifying relief. That is not the court's job." Kyle, 144 F.3d at 454; see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). For example, in Kyle v. Morton High School, the court found a complaint insufficient under Rule 8(a) because the plaintiff's claim that he was improperly terminated "for political and advocacy reasons" did not provide the defendant with notice because plaintiff failed to specify the language he claimed was protected activity and the "gravamen of a First Amendment claim is speech." 144 F.3d at 455. Similarly, for reasons

---

[2] Plaintiff's claim that facts need not be pled here to comply with federal rules, see Stroud's Resp. at 3, does not stand up to his own case law, which states that "law reporters are brimming with instances where a complaint failed to state a claim because of the lack of fair notice of the operative facts or the gravamen of the statement for relief." Kyle, 144 F.3d at 456.

2

explained here and in IHDA's motion, the gravamen of a defamation claim and its affirmative defenses is the statement alleged to be defamatory. IHDA has no notice of the nature of Stroud's Count III, and it should therefore be dismissed.

Respectfully submitted,

/s/ David Jiménez-Ekman
David Jiménez-Ekman
Reena R. Bajowala
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 923-2683
(312) 840-7683 (fax)

**ATTORNEYS FOR DEFENDANT
ILLINOIS HOUSING DEVELOPMENT
AUTHORITY**

Dated: March 20, 2008

1637338.1

## CERTIFICATE OF SERVICE

I, David Jiménez-Ekman, an attorney, hereby certify that on March 20, 2008, Defendant Illinois Housing Development Authority's Reply in Support of its Rule 12(B)(6) Motion to Dismiss Count III of Plaintiff's Complaint was filed electronically with the United States District Court for the Northern District of Illinois, Eastern Division. Notice of this filing will be sent electronically to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system. In addition, I caused direct service upon the following counsel of record on March 20, 2008 via electronic mail and U.P.S. Overnight mail:

>   Armand L. Andry
>   Armand L. Andry & Associates
>   One South Dearborn, Suite 2100
>   Chicago, IL 60603
>   Counsel for Plaintiff

>   Respectfully submitted,
>
>   /s/ David Jiménez-Ekman
>   David Jiménez-Ekman
>   Reena R. Bajowala
>   Jenner & Block LLP
>   330 N. Wabash Ave.
>   Chicago, IL 60611
>   (312) 923-2683
>   (312) 840-7683 (fax)
>
>   **ATTORNEYS FOR DEFENDANT ILLINOIS HOUSING DEVELOPMENT AUTHORITY**

1637338.1