# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6510 | **DATE** | 4/21/2008 |
| **CASE TITLE** | Stroud vs. Illinois Housing Development Authority | | |

**DOCKET ENTRY TEXT**

Defendant Illinois Housing Development Authority's Rule 12(b)(6) Motion to Dismiss Count III of Plaintiff's Complaint [12] is granted. Count III is dismissed without prejudice. The schedule set on 02/14/2008 remains in effect for Counts I and II.

■[ For further details see text below.]

Notices mailed.

# STATEMENT

    On November 16, 2007, plaintiff Isiah W. Stroud, Jr. ("Stroud") filed a three-count Complaint against defendant Illinois Housing Development Authority ("IHDA"), alleging sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), retaliation under Title VII, and state law defamation. In addition to answering each of the Title VII counts, IHDA has filed a "12(b)(6) Motion to Dismiss Count III of Plaintiff's Complaint," (Dkt. No. 12), arguing that Stroud's defamation claim lacks sufficient factual detail to allow IHDA to file a proper answer. For the following reasons, IHDA's motion is granted.

    Under the Federal Rules of Civil Procedure, a complaint generally needs to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1969 (May 21, 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The focus of the court's analysis is on whether the complaint provides "enough detail to illuminate the nature of the claim and allow defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). In the context of a cause of action for defamation, this notice requirement takes on special significance. As this court has explained in the past,

> When proceeding in federal court, a plaintiff's defamation claims are not subject to the heightened pleading standards of Rule 9. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003). However, in order to satisfy the requirements of notice pleading, a plaintiff claiming defamation must specifically set forth the words alleged to be actionable. *Johnson v. Joliet Junior College*, No. 06 C 5086, 2007 WL 1119215, at *3 (N.D. Ill. Apr. 10, 2007) (citing *Brown v. GC America, Inc.*, No. 05 C 3810, 2005 WL 3077608, at *5 (N.D. Ill. Nov. 15, 2005)). "The reason a plaintiff must, under notice pleading requirements, plead the specific words alleged to be

**STATEMENT**

actionable is that knowledge of the exact language used is necessary to form responsive pleadings." *Woodard v. Am. Family Mutual Ins. Co.*, 950 F. Supp. 1382, 1388 (N.D. Ill. 1997). Although plaintiffs are required to set forth the defamatory language with enough specificity for the defendant to respond appropriately, plaintiffs "need not allege the defamatory language verbatim." *Flentye v. Kathrein*, No. 06 C 3492, 2007 WL 1175576, at *11 (N.D. Ill. Apr. 18, 2007) (quoting *Emery v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at *7 (N.D. Ill. Sept.18, 2003)).

*Robinson v. Morgan Stanley, LLC*, No. 06 C 5158, 2007 WL 2815839, at *7 (N.D. Ill. Sept. 24, 2007).

As alleged in his Complaint, Stroud was employed by IHDA as a Senior Asset Manager from August 21, 2006 through his termination on May 22, 2007. After Stroud's termination—and after Stroud filed a charge of discrimination with the EEOC—Stroud alleges that he sought employment with other employers and that "[o]ther employers were given negative information regarding Plaintiff's tenure with Defendant." (Compl. ¶¶ 27-28.) Specific to his defamation claim, Stroud alleges that IHDA made false and defamatory "statements"/"accusations"/"words and language" to "employers where Plaintiff was seeking employment . . . asserting and charging that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional." (Compl. ¶¶ 41-43.)

In this case, the court finds that Stroud's allegations are too vague to permit IHDA to formulate a proper response. Stroud has not identified the potential employers to whom the statements were made, the approximate date the statements were made, whether the statements were made in writing, over the phone, or in person, or the name of the alleged speaker. Stroud alleges the statements generally asserted "that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional." (Compl. ¶ 43.) However, without knowing the specific statements alleged to have been made, IHDA is not in a position "to determine whether [the statements] are false, whether they constitute defamation, and whether the statements were privileged." *Betten v. Citibank, F.S.B.*, No. 94 C 5460, 1995 WL 387802, at *3 (N.D. Ill. June 28, 1995). Because IHDA does not have sufficient information to adequately respond to Count III, IHDA's motion to dismiss is granted and Count III is dismissed without prejudice.